(No. 4386-)

PAUL COMBS, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1952.*

LOUIE F. ORR, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant filed his complaint on January 19, 1951, alleging that on July 8, 1950 he was driving his 1941 Chevrolet Sedan along Route No. 3 between Chester and East St. Louis, Illinois, and that his car struck a stretch of broken pavement, which caused the automobile to swerve out of control, and turn over. Claimant, in his testimony, stated that he was traveling between fifty and fifty-five miles an hour when he hit the stretch of rough pavement, and the gap in the pavement extended between one hundred and one hundred and fifty feet in length. Claimant further testified that he saw no sign or warning as he approached the gap in the pavement. The last warning sign he observed was about five or six miles before he struck the gap. This sign said "end of bad pavement". Mr. Combs testified that he did not receive personal injuries

due to the accident. William T. Alston, an employee of the Mixon Motor Company, examined claimant's car, and estimated the damages resulting from the accident to be in the amount of $185.00.

Mary Limbaugh testified that she and her husband had driven over Route No. 3 many times, and on July 8th they were driving along Route No. 3, and saw claimant's car just after the accident. She stated that the gap in the pavement was about seventy-five to one hundred feet long, and that there were no warning signs in the vicinity of the accident. The closest warning sign was five miles away.

Frank J. Kolbohn, a witness, stated he was driving along Route No. 3, and arrived at the place of the accident just after it happened. He stated he saw claimant's car turned upside down on a gravel stretch where the pavement had been removed, and that there were no notices or other warnings that the gap existed.

Claimant testified that it was 7:40 P.M. when the accident occurred, that it was just beginning to get dark, and that other cars were driving with their parking lights on.

The record consists of the complaint, and transcript of evidence.

Claimant, Paul Combs, has proved his case by a preponderance of the evidence. The evidence shows that there was an extended break in the pavement, and that there were no warning signs near the scene of the accident. Respondent was negligent in its maintenance of the highway.

An award is, therefore, entered in favor of claimant, Paul Combs, in the amount of One Hundred and Eighty-five Dollars ($185.00).